UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JULIE ROSENBAUM,

        plaintiff,

v.

        Case No. 21-cv-847-pp

ZORN COMPRESSOR & EQUIPMENT INC.,

        Defendant.

**ORDER GRANTING DEFENDANT'S EXPEDITED MOTION TO ENLARGE TIME TO RESPOND TO PLAINTIFF'S OBJECTIONS TO BILL OF COSTS (DKT. NO. 59)**

On March 12, 2025, the court issued an order granting the defendant's motion for summary judgment and dismissing the case with prejudice. Dkt. No. 46. Two weeks later, the defendant (the claimant) filed its bill of costs, seeking an award of $12,358.35. Dkt. No. 49. The Clerk of Court sent to the parties the following briefing letter:

> Today, I received the defendant's proposed Bill of Costs in the above case pursuant to Civil Local Rule 54. In order to dispose of this matter without a hearing, I am asking that any objections to the costs be provided in writing on or before **April 8, 2025**. The court and opposing party should be promptly notified in writing if there are no objections to the costs.
>
> If an objection is filed, it should be accompanied by a brief memorandum. The requesting party will have until **April 15, 2025**, to file a response. The opposing party's reply, if any, should be filed on or before **April 22, 2025**. Costs will be taxed by the Clerk of Court on the basis of the written memoranda.

Dkt. No. 50.

1

The court received the plaintiff's (non-claimant) objections on the April 8, 2025 deadline set in the briefing letter. Dkt. No. 52. The defendant/claimant, however, did not file its response by the April 15, 2025 deadline specified in the briefing letter; the court received the defendant/claimant's response on April 22, 2025 (the date specified in the briefing letter for the non-claimant's reply in support of its objection). Dkt. No. 55. On April 24, 2025, the plaintiff/non-claimant filed a "response" to the defendant/claimant's "response," asking the court to disregard the defendant/claimant's submission as untimely (the plaintiff/non-claimant's filing also technically is a "reply" addressing the substance of defendant/claimant's arguments). Dkt. No. 58.

The next day, the court received from the defendant/claimant an expedited motion asking the court to consider its April 22, 2025 response timely filed and to give the plaintiff/non-claimant an extension until May 1, 2025 to file her reply in support of her objection. Dkt. No. 59. The defendant's attorney explained that she mistakenly had read the clerk's briefing letter as requiring her to file the defendant/claimant's response by April 22, 2025. Id. The plaintiff/non-claimant responded to that motion, arguing that the defendant/claimant had not shown excusable neglect as required by Federal Rule of Civil Procedure 6(b)(1)(B); she asserted that the defendant/claimant had admitted only to a "simple case of miscalculation of the deadline." Dkt. No. 61 at 2. The plaintiff/non-claimant has not asserted prejudice; she argues only that the "reason for the delay" is more important when the court is deciding whether to enlarge the time. Id. at 3.

2

Rule 6(b)(1)(B) allows a party to move for an extension of a deadline after that deadline has passed if there was "excusable neglect." Excusable neglect is a flexible concept that encompasses late filings caused by "inadvertence, mistake or carelessness." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388-89 (1993). In determining whether neglect is excusable, the court must consider all relevant circumstances surrounding the neglect, including the danger of prejudice to the nonmoving party, the length of the delay, the reason for the delay (including whether it was within the reasonable control of the movant) and whether the movant acted in good faith. Id. at 395. That said, mistakes in interpreting the rules usually do not constitute "excusable neglect." Id. at 392; but see Crue v. Aiken, 370 F.3d 668, 681 (7th Cir. 2004) (upholding a district court's grant of an extension based on "excusable neglect" when an attorney simply miscalculated a thirty-day filing period by one day).

The court has reviewed the briefing letter, and it understands how the defendant/claimant's attorney mistakenly read her deadline as April 22, 2026. In usual motion practice, the Federal Rules of Civil Procedure and the Eastern District's Local Rules contemplate a three-step process: the party seeking relief (the moving party) will file a motion and accompany brief, the party opposing that relief (the non-moving party) will file a response in opposition and the moving party may, if it chooses to do so, file a reply in support of its request for relief.

3

But when a party files a bill of costs, this three-step process turns into a *four*-step process. Civil Local Rule 54(a)(1) first requires the "claimant" (the party seeking relief in the form of costs) to file a bill of costs. Second, Rule 54(a)(3) allows the non-claimant (the party opposing that relief) to file an objection (accompanied by a short memorandum). Third, Rule 54(a)(3) allows the claimant to file a response to the non-claimant's objection. And finally, Rule 54(a)(3) allows the non-claimant to file a reply in support of its objection.

In this four-step process, the party asking for relief is the claimant—the party who filed the proof of claim. But the briefing letter and Civil L.R. 54(a)(3) treat the *objecting* party—the non-claimant opposing the request for costs—as the party moving for relief. A claimant accustomed to the three-step motion process might assume that, as the party seeking costs, it would have the last word (by filing the reply brief). But in this four-step process, the party opposing that relief—the non-claimant—has the last word.

Further, there are three dates bolded in the briefing letter. The first is the date the objection is due, the second is the date the claimant's response to the objection is due and the third is the date the non-claimant's reply in support of the objection is due. Again, if one is accustomed to the three-part motion practice required by Fed. R. Civ. P. and Civil L.R. 7, one could assume that the final date is the date for the moving party's (the claimant's) reply.

Consistent with her reading of the briefing schedule, defense counsel filed a response by April 22, 2025. Only a day after the plaintiff/non-claimant pointed out the error, defense counsel acted quickly to remedy it. The plaintiff

4

has not argued that she was prejudiced by the delay, and she cannot demonstrate that she was prejudiced because she since has filed a substantive response.

The court **GRANTS** the defendant's expedited motion to enlarge time to respond to the plaintiff's objections. The court **DEEMS** the defendant's April 22, 2025 response to be timely filed, as is the plaintiff's response (technically a "reply" under the briefing order) filed on May 2, 2025. Dkt. No. 61.

Dated in Milwaukee, Wisconsin this 17th day of June, 2025.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

5

Case 2:21-cv-00847-PP   Filed 06/17/25   Page 5 of 5   Document 62